# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| MICHAEL AISENBERG,<br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY,<br>    Defendant. | )<br>)<br>)<br>)    Civil Action No. 1:22-cv-125<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

At issue in this dispute arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101 *et seq.*, are the parties' cross motions for summary judgment (Dkts. 10, 13), which were referred to the assigned United States Magistrate Judge for the preparation of a report and recommendation. On November 15, 2022, United States Magistrate Judge John F. Anderson issued a carefully considered Report and Recommendation (Dkt. 24) which recommended granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. On November 29, 2022, Defendant filed objections to the Report and Recommendation, which have been fully briefed by the parties. Oral argument was heard on Defendant's objections to the Report and Recommendation on January 20, 2023. Accordingly, the matter is now ripe for disposition. For the reasons stated below, the Report and Recommendation is adopted in part.

I.

The following facts provide pertinent context to the matter now at issue, namely, Defendant's objections to the Magistrate Judge's November 15, 2022 Report and Recommendation. This ERISA action arises from Defendant Reliance Standard Life Insurance Company's ("Defendant") denial of Plaintiff Michael Aisenberg's ("Plaintiff") application for

1

long-term disability ("LTD") benefits. Since 2005, Defendant has administered a disability insurance policy for certain employees of The MITRE Corporation ("MITRE"), including Plaintiff. The policy provides that Defendant will pay LTD benefits to the insured if the insured is "Totally Disabled as the result of a Sickness or Injury covered by this Policy." Administrative Record ("AR") 21. The policy states that a claimant is considered "totally disabled" when, as the result of an injury or sickness, "an Insured cannot perform the material duties of his/her regular occupation." AR 12. The policy does not define the term "regular occupation."

Plaintiff, an attorney and member of the District of Columbia Bar, worked at MITRE as principal cyber security counsel. In this role, Plaintiff was responsible for providing policy advice and analysis in support of MITRE's systems engineering work for federal agencies. Plaintiff's supervisor described Plaintiff's role at MITRE as constantly (almost hourly) working with senior leadership in government agencies. Because of this, Plaintiff's job was demanding and stressful. In July 2020, after experiencing shortness of breath, Plaintiff underwent open heart surgery with a double coronary artery bypass graft. After Plaintiff's cardiac rehabilitation period following the surgery, Plaintiff's cardiologist, Dr. Cossa, advised Plaintiff in October 2020 not to return to Plaintiff's former employment at MITRE because the high stress environment of the job would likely contribute to the worsening of Plaintiff's heart condition over time. Thereafter, in December 2020, Plaintiff took a treadmill stress test, the conclusion of which was "[n]ormal maximal exercise treadmill test with no clinical or ECG evidence of ischemia." AR 328. Based on this test, Dr. Cossa recommended that Plaintiff "continue with a regular exercise regimen, generally healthy habits and avoid stressful work situation." *Id.*

Based on Plaintiff's surgery and heart condition, MITRE submitted an application to Defendant for LTD benefits for Plaintiff. Throughout the adjudication process, Plaintiff,

2

Plaintiff's healthcare providers, and Plaintiff's counsel submitted additional information to Defendant. Two of Plaintiff's doctors, Dr. Cossa and Dr. Parry, provided letters to Defendant in which both doctors advised Plaintiff not to return to his job with MITRE because the stressful nature of the position would cause health complications for Plaintiff. For example, Dr. Cossa wrote that Plaintiff "is no longer able to perform his previous level of work due to his health condition," and explained that the stress of Plaintiff's job at MITRE "would be considered detrimental to [Plaintiff's] health." AR 372. Because of the stressful nature of Plaintiff's work, Dr. Cossa advised that Plaintiff should be totally disabled from his work as an attorney. Similarly, Dr. Parry stated that without dramatic reduction in Plaintiff's level of continuous stress, Plaintiff "faces further injury and severe health issues." AR 1646.

Despite these letters from Plaintiff's doctors, Defendant, by letter dated January 4, 2021, denied Plaintiff LTD benefits. Defendant acknowledged the medical information received from Drs. Cossa and Parry, but concluded that the letters "did not provide any physical exam findings, clinical findings, symptoms, or review of systems that would preclude [Plaintiff] from work function beyond January 12, 2021." AR 183. In denying Plaintiff benefits, Defendant also cited the December 2020 treadmill test results, which Defendant stated revealed normal heart functions.

Plaintiff appealed Defendant's initial denial of Plaintiff's claim for LTD benefits. In response to Plaintiff's appeal, Defendant submitted Plaintiff's information to Reliable Review Services for a peer review report. The peer reviewer, Dr. Hahn, concluded that "there is no objective evidence of cardiac impairment after 12/16/2020" based on the results of the treadmill stress test. AR 1821. Dr. Hahn disagreed with Drs. Cossa and Parry's conclusion that Plaintiff should avoid his stressful job at MITRE, stating that "[t]here is no randomized controlled trial

3

that shows relieving chronic job stress results in the secondary prevention of cardiovascular events," and that "there is no medical evidence to support that [Plaintiff] currently physically cannot perform his duties." AR 1822. Finally, Dr. Hahn stated that "[e]ven if [Plaintiff] does not work at his prior exact position, there is no evidence to suggest that he could not work as an attorney doing 'less stressful' legal work." *Id.* In response to Dr. Hahn, Plaintiff submitted additional medical records, medical studies linking stress and cardiovascular harm, and an updated letter from Dr. Parry stating that Plaintiff "should continue to remain out of his previous position at [MITRE]" due to the "extraordinary amount of persistent stress associated with his responsibilities.". AR 1837–54, 2233–30.

On December 21, 2021, Defendant issued its final decision denying Plaintiff LTD benefits. In the final decision, Defendant adopted most of Dr. Hahn's findings and concluded that "limiting exposure/risk . . . does not qualify as being *Totally Disabled*." AR 2354. Defendant "found [Plaintiff] was fully capable of performing the material duties of his *regular occupation* . . . and thereby did not satisfy definition of being *Totally Disabled*." AR 2356.

Plaintiff then filed this civil action seeking judicial review of Defendant's determination that Plaintiff was not entitled to LTD benefits. After the parties filed cross-motions for summary judgment, the matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On November 15, 2022, Magistrate Judge Anderson issued a carefully considered, 35-page Report and Recommendation recommending that summary judgment issue in favor of Plaintiff. The Magistrate Judge concluded that Defendant abused its discretion in denying Plaintiff's application for LTD benefits because (1) Defendant, in determining whether Plaintiff qualified as totally disabled, failed to consider the potential for future harm to Plaintiff were he to return to his high stress job at MITRE; and (2) Defendant

4

incorrectly characterized Plaintiff's "regular occupation" as an "attorney" and in doing so, Defendant failed to consider the specific high stress characteristics of Plaintiff's job at MITRE. Defendant then filed objections to the Magistrate Judge's Report and Recommendation, which have now been fully briefed and argued.

## II.

At issue now are Defendant's objections to the Magistrate Judge's Report and Recommendation. Pursuant to Rule 72(b)(3), Fed. R. Civ. P., a party may file specific, written objections to a Magistrate Judge's proposed findings and recommendations. The Court must then review *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(3). Specifically, Defendant has raised the following objections:[1]

   i. The Report and Recommendation improperly concluded that Defendant failed to consider and assess Plaintiff's risk of future harm in returning to work and rejected Defendant's argument that Plaintiff failed to prove the risk of future harm.

   ii. The Report and Recommendation incorrectly applied a burden-shifting standard and concluded that that after Plaintiff made a prima facie case that Plaintiff could not return to his job, Defendant failed to provide sufficient evidence to refute the assertion.

   iii. The Report and Recommendation applied the wrong definition of Plaintiff's "regular occupation" and incorrectly determined that the material duties of Plaintiff's "regular occupation" were the same as his specific job duties at MITRE.

   iv. The Report and Recommendation improperly relied on a case involving *de novo* review of an ERISA claim.

---

[1] Throughout Defendant's brief and reply brief, Defendant also makes several general objections to the Report and Recommendation, but the Fourth Circuit has made clear that a party's objection to a magistrate judge's report must be "specific and particularized." *U.S. v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (holding that objections must be specific and particularized in order to direct the attention of the district court to "only those issues that remain in dispute after the magistrate judge has made findings and recommendations"). Accordingly, it is appropriate here to limit *de novo* review to the specific objections that Defendant identified. *See Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (holding that a party unhappy with a Magistrate Judge's report cannot give a general objection or combination of objections which, when taken together, object to the entire report).

 v. The Report and Recommendation incorrectly concluded that Defendant's denial of benefits was an abuse of discretion.

 vi. The Report and Recommendation improperly concluded that Defendant's final decision failed to provide an adequate explanation for Defendant's inconsistent determination that although Plaintiff was entitled to one day of LTD benefits from January 12, 2021 to January 13, 2021, Plaintiff was not entitled to any LTD benefits from January 13, 2021 onward.

Dkt. 25 at 7–8, 22–23. Each of Defendant's objections is analyzed below.

**A.**

Defendant first objects to the Report and Recommendation's conclusion that Defendant improperly failed to consider and assess Plaintiff's risk of future harm in returning to work and the Magistrate Judge's rejection of Defendant's argument that Plaintiff failed to prove the risk of future harm. This objection must be overruled because the Report and Recommendation correctly concluded that Defendant abused its discretion in failing to consider the risk of future harm that Plaintiff would suffer were he to return to his high stress work environment. Defendant's final decision takes the firm position that "being at risk" is not considered a sickness or injury that Defendant will consider in making a disability determination. AR 2354. As the Report and Recommendation properly noted, this conclusion runs contrary to ERISA precedent. First, in a case with similar facts to this one—and a case to which Defendant was a party—the Third Circuit held that the risk of future harm precluded a disability claimant from safely performing his job and that Reliance Standard Life Insurance Company's ("Reliance") decision to the contrary was arbitrary and capricious. *See Lasser v. Reliance Standard Life Ins. Co.*, 344 F.3d 381, 391 (3d Cir. 2003). There, the plaintiff, an orthopedic surgeon, suffered from coronary heart disease. *Id.* at 383, 387. Although a treadmill test indicated that the plaintiff had normal heart function, all of plaintiff's physicians advised him to avoid work-related stress. *Id.* at 383–84, 389. Relying on the treadmill test, Reliance denied the plaintiff's application for LTD

6

benefits. *Id.* at 393. The Third Circuit held that Reliance's denial of benefits to the plaintiff was arbitrary and capricious, explaining that the plaintiff's heart condition prevented the plaintiff from safely performing his job duties, including being on-call and performing emergency surgery. *Id.* at 391. The Third Circuit also explained that the "risk that stress will cause future injury" can present a disability based on the "probability of the future risk's occurrence." *Id.* at 391 n.12.

Although the Fourth Circuit has not yet specifically held that the risk of future harm from cardiac conditions may constitute a disability for LTD benefits, the Fourth Circuit's decision in *Stanford v. Continental Casualty Co.*, 514 F.3d 354 (4th Cir. 2008), citing *Lasser*, indicated in *dicta* that the risk of future harm from cardiac-related conditions should be evaluated in determining whether LTD benefits are warranted. In *Stanford*, the Fourth Circuit affirmed the denial of LTD benefits for a nurse anesthetist who argued that his potential risk for relapse into drug use from exposure to fentanyl at his workplace constituted a disability.[2] *Id.* at 358. In affirming the denial of benefits to the plaintiff, however, the Fourth Circuit cited *Lasser* and distinguished the risk of relapse into drug use from the risk of having a heart attack. *Id.* The *Stanford* court noted that even though the plaintiff could not establish disability from the risk of relapse into drug use, the risk of relapse is different from a "doctor with a heart condition who enters a high-stress environment like an operating room," where the "performance of [the doctor's] job duties may *cause* a heart attack." *Id.* In this respect, the Fourth Circuit explained that the availability of an addict's choice whether to use drugs "distinguishes [the addict's] condition from those of heart-attack-prone doctors." *Id.* at 358 n.4. Thus, *Stanford* indicates that

---

[2] The Fourth Circuit later abrogated *Stanford* on other grounds based on an unrelated issue regarding the standard of review, *see Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353 (4th Cir. 2008), but did not alter *Stanford*'s holding on the issue of risk of future harm.

7

the risk of future harm from work-related stress for a plaintiff with heart conditions may qualify as a disability for the purposes of LTD benefits.

In light of *Lasser* and *Stanford*, Defendant in this case should have considered the risk of future harm to Plaintiff if Plaintiff returns to a high stress job. Yet Defendant's final decision made clear Defendant's position that no consideration would be given to the risk of future harm in making Plaintiff's disability determination. *See* Final Denial Letter, AR 2354 ("Ultimately, limiting exposure/risk, among other things, does not qualify as being *Totally Disabled* . . . In other words, 'being at risk' is not considered a Sickness or Injury resulting in a lack of functionality."). For that reason, it is appropriate to overrule Defendant's objection and adopt the Magistrate Judge's conclusion that Defendant abused its discretion in failing to consider and assess the risk of future harm that Plaintiff faced from returning to his high stress position.

The Report and Recommendation also correctly concluded that Defendant cannot now raise the argument that, even if risk of future harm does qualify as a disability, Plaintiff failed to provide sufficient evidence of a risk of future harm. As the Fourth Circuit has explained, an ERISA defendant is limited to the justifications for denial of benefits that the defendant provided in the administrative process. *See Thompson v. Life Ins. Co. of N. Am.*, 30 F. App'x 160, 163 (4th Cir. 2002) ("A district court's review is limited to whether the rationale set forth in the initial denial notice is reasonable. A court may not consider a new reason for claim denial offered for the first time on judicial review."). Here, Defendant did not raise Plaintiff's lack of sufficient evidence of a risk of future harm in Defendant's denial letters. Instead, Defendant concluded that limiting risk of future harm is not a factor to be considered at all in making a disability determination, because "being at risk" is not considered a sickness or injury, and disability is only the "current inability or limitation to perform a task." AR 1821, 1880. Furthermore,

Defendant adopted Dr. Hahn's conclusion that "[t]here is no randomized controlled trial that shows relieving chronic job stress results in the secondary prevention of cardiovascular events."[3] AR 1822. In concluding that risk of future harm was not a factor to consider, Defendant failed to take into account the medical evidence that Plaintiff submitted supporting the link between stress and the prevention of cardiovascular events. *See* AR 2233–2330. Thus, because Defendant did not consider this evidence during the administrative process, Defendant cannot now argue that Plaintiff failed to submit sufficient evidence to prove risk of future harm.

Seeking to avoid this conclusion, Defendant points to Dr. Hahn's report, which states that "there is no medical evidence to support that [Plaintiff] currently physically cannot perform his duties." AR 1822. Defendant argues that Dr. Hahn's report indicates that Defendant *did* consider Plaintiff's evidence of risk of future harm. But as Magistrate Judge Anderson correctly noted, Dr. Hahn's blanket conclusion that there is no "randomized controlled trial" linking "chronic job stress" with the "secondary prevention of cardiovascular events," AR 1822, fails to account for medical evidence that exists outside of "randomized controlled trials" relating to the reduction of chronic job stress, which Plaintiff submitted to Defendant. Furthermore, Defendant did not consider Plaintiff's specific evidence of Plaintiff's risk of future harm were Plaintiff to return to his stressful duties at MITRE. Thus, Defendant cannot now argue that Plaintiff failed to provide sufficient evidence of the risk of future harm when Defendant originally neglected to consider Plaintiff's submitted evidence. Defendant's objection to the Report and Recommendation in this respect is therefore overruled.

## B.

Defendant next objects that the Report and Recommendation incorrectly applied a

---

[3] One wonders what sort of "randomized controlled trial" Dr. Hahn had in mind, how any such trial could feasibly be conducted, and whether any doctor could ethically permit his patient to participate in such a trial.

burden-shifting framework even though the Fourth Circuit has made clear that in a denial of benefits case, the Plaintiff has the burden of proving disability. In the Report and Recommendation, the Magistrate Judge quoted a portion of the Third Circuit's decision in *Lasser* holding that once a claimant puts forth evidence making a *prima facie* showing of a disability, "the burden then lies with the insurer to support the basis of its objection." Dkt. 24 at 18 (quoting *Lasser*, 344 F.3d at 391 n.12). Defendant correctly notes that the Fourth Circuit has made clear that "[t]he burden of proving the disability is on the employee." *Shupe v. Hartford Life & Accident Ins. Co.*, 19 F.4th 697, 707 (4th Cir. 2021) (quoting *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 603 (4th Cir. 1999)). However, the Report and Recommendation's citation of *Lasser*'s burden shifting analysis does not affect the result reached and is not material to the Magistrate Judge's ultimate conclusion—which is now adopted here—that in making the disability determination, Defendant improperly failed to consider Plaintiff's risk of future harm if Plaintiff returned to his high stress position at MITRE. Thus, Defendant's objection in this regard is overruled.

## C.

Defendant also objects to the conclusion in the Report and Recommendation that Defendant unreasonably construed the policy term "regular occupation" too broadly as an "attorney," rather than as an attorney performing Plaintiff's high-stress duties at MITRE. The policy at issue requires that in order to qualify for LTD benefits for the first 24 months, the insured must not be able to perform the "material duties of his/her *regular occupation*," AR 12 (emphasis added), but the phrase "regular occupation" is not defined anywhere in the policy. Defendant stated in its final decision letter that "occupation" under the policy means the "occupation as it is performed within the 'national economy' and not how tasks are performed

'for a specific employer or at any specific location." AR 2352. The Magistrate Judge concluded that Defendant defined Plaintiff's "regular occupation" too broadly, and that Defendant should have taken into consideration the general character of Plaintiff's job at MITRE, including the skills, training, and duties involved. Defendant now argues that it was within Defendant's discretion to interpret Plaintiff's "regular occupation" as "attorney."

Defendant's objection must be sustained because under the terms of the policy at issue, Defendant has discretion to interpret the terms and provisions of the policy. Where, as here, a policy confers discretionary authority on the administrator, the reviewing court owes the administrator a "duty of deference" and serves a "secondary rather than primary role in determining a claimant's right to benefits." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008). Under this deferential standard of review, the administrator's interpretation of a plan "will not be disturbed if reasonable." *Conkright v. Frommert*, 559 U.S. 506, 521 (2010). Thus, as long as Defendant construed the term "regular occupation" reasonably, Defendant's interpretation of the term must be accepted. Defendant's interpretation of "regular occupation" as "attorney" is not unreasonable; indeed, at least three circuit courts have similarly affirmed broad definitions of "occupation" and rejected plaintiffs' arguments that "occupation" encompassed the specific duties the plaintiff actually performed for his employer.[4] Given this discretion, it is evident that Defendant's interpretation of "regular occupation" was reasonable, and the Report and Recommendation erred in failing to defer to Defendant's interpretation.

Seeking to avoid this conclusion, Plaintiff argues that the Report and Recommendation

---

[4] *See Osborne v. Hartford Life and Acc. Ins. Co.*, 465 F.3d 296, 299 (6th Cir. 2006) ("'[O]ccupation is a more general term . . . than narrower employment terms like 'position,' 'job,' or 'work,' which are more related to a particular employee's individual duties."); *Darvell v. Life Ins. Co. of N. Am.*, 597 F.3d 929, 935 (8th Cir. 2010) (holding that when a plan does not include a specific definition of "regular occupation," it is reasonable to apply a "generic" meaning to the term); *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 454 (5th Cir. 2007) ("[Plaintiff's] 'regular' occupation was as an attorney, not restricted to his own specific job as a litigation attorney with a uniquely stressful practice . . .").

11

properly relied on *Gallagher v. Reliance Standard Life Insurance Co.*, 305 F.3d 264 (4th Cir. 2002), in concluding that Defendant interpreted "regular occupation" too broadly. In that case, the Fourth Circuit explained that where "regular occupation" is not defined in the plan, "the fiduciary must adopt an appropriate description of the claimant's occupation," and explained that "regular occupation" should encompass a "position of the same general character as the insured's previous job, requiring similar skills and training, and involving comparable duties." *Id.* at 270–71 (quoting *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 252 (2d Cir. 1999). But *Gallagher* is inapposite here, because in *Gallagher*, the Fourth Circuit applied a *de novo* standard of review to the defendant's denial of benefits. Here, unlike in *Gallagher*, by the terms of the benefits plan, Defendant has discretion over policy interpretation and a deferential standard of review therefore applies. Thus, unlike in *Gallagher*, because Defendant's interpretation of "regular occupation" is reasonable, it must be accepted. *See Griffin v. Hartford Life & Acc. Ins. Co.*, 898 F.3d 371, 381 (4th Cir. 2018) ("Judicial review of an ERISA administrator's decision for abuse of discretion requires us primarily to determine whether the decision was reasonable."). The portion of the Magistrate Judge's report concluding that Defendant applied the wrong definition of "regular occupation" will not be adopted.

      This does not end the analysis, however, because although Defendant concluded that Plaintiff's "regular occupation" encompassed other "less stressful" attorney positions, Defendant did not analyze whether such positions indeed exist in the national economy. Here, there is no indication that Defendant considered *any* evidence of the stress levels of various attorney positions. The only statement regarding Plaintiff's ability to perform other attorney jobs came from Dr. Hahn, a cardiologist with experience in pediatric cardiology, who stated "[e]ven if [Plaintiff] does not work at his prior exact position, there is no evidence to suggest that he could

not work as an attorney doing 'less stressful' legal work." AR 1822. There is no evidence that Dr. Hahn was aware of the occupational requirements of an "attorney" and could provide an evaluation of whether Plaintiff could perform the material duties of an attorney on a full-time basis. For that reason, it is appropriate to remand for further consideration of whether there exist other "less stressful" attorney positions that Plaintiff could perform. *See Elliott*, 190 F.3d at 609 (quoting *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985)) ("If the court believes the administrator lacked adequate evidence on which to base a decision, 'the proper course [is] to remand to the trustees for a new determination . . .'").[5] Accordingly, Defendant's objection to the Magistrate Judge's definition of "regular occupation" is sustained, but the matter will be remanded to the plan administrator for further consideration of whether there exist less stressful attorney positions that Plaintiff could perform without risk to his cardiac condition.

## D.

Defendant's next objection is that the Report and Recommendation incorrectly relied on a case involving *de novo* review of an ERISA claim even though the review in this matter is under an abuse of discretion standard. Defendant specifically points to the Report and Recommendation's citation of *Bilheimer v. Federal Express Long Term Disability Plan*, 605 F. App'x 172 (4th Cir. 2015). Defendant correctly notes that *Bilheimer* involved *de novo* review, whereas this case involves review for abuse of discretion. Thus, Defendant is correct that the Report and Recommendation should not have relied on *Bilheimer*. However, it is clear that

---

[5] In *Elliott*, the Fourth Circuit cautioned that "remand should be used sparingly," but explained that "[t]he district court may . . . exercise its discretion to remand a claim" where there are "multiple issues and little evidentiary record to review." 190 F.3d at 609. Thus, because here there is almost *no* evidentiary record to review regarding whether other less stressful attorney positions exist that Plaintiff could perform, remand is appropriate. Indeed, at oral argument, Defendant agreed that it would be within the district court's discretion to remand the matter to the plan administrator for consideration of whether other non-stressful attorney positions exist. *See* Tr. Jan. 20, 2023 (32:21–24) ("[T]here was no vocational opinion provided by the plaintiff. And if you remand it, they can do that, we can do that, and there will be a better record for Your Honor to ultimately decide the case."); *see also* Tr. Jan. 20, 2023 (16:5–7, 18:21–25, 19:8–12).

13

*Bilheimer* was not central to the Magistrate Judge's recommendation, as it is cited only once in the lengthy, 35-page Report and Recommendation. Furthermore, *Bilheimer* does not impact the Magistrate Judge's conclusion that Defendant abused its discretion in failing to consider the potential future harm to Plaintiff from returning to a high-stress position. Thus, because the citation of the case was not material to the analysis or conclusion of the Report and Recommendation, Defendant's objection is overruled.

### E.

Defendant also includes a broad objection "to the Report's conclusion that the denial of benefits was an abuse of discretion, as that conclusion is contrary to the facts contained in the administrative record, the language in the policy, and the applicable law." Dkt. 25 at 8. This blanket objection is improper as it objects to the Report and Recommendation's conclusion as a whole and attempts to relitigate issues squarely presented in the extensive summary judgment briefing before the Magistrate Judge. As courts in this circuit have repeatedly explained, *de novo* review of a Magistrate Judge's report is not necessary where a party does not make a sufficiently specific objection or where a party simply rehashes arguments raised in summary judgment.[6] Thus, Defendant's blanket objection must be overruled.

### F.

Finally, Defendant also argues that the Report and Recommendation improperly "questioned" why Defendant concluded that even though Plaintiff met the requirements for total disability on January 12, 2021, Defendant then determined that Plaintiff was not totally disabled

---

[6] *See, e.g.*, *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[F]ailure to object to the magistrate judge's recommendation with the specificity required by [Rule 72, Fed. R. Civ. P.] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court."); *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("[A] general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.").

after January 13, 2021. Dkt. 25 at 22. In Defendant's final decision, Defendant found that Plaintiff was entitled to one day of LTD benefits from January 12, 2021 to January 13, 2021, but that Plaintiff was not entitled to any LTD benefits from January 13, 2021 onward. The Report and Recommendation explained that there is "nothing in the record that would support a change in plaintiff's ability to perform the material duties of his regular occupation from January 12, 13, or 14," and that the final decision "fails to provide an explanation for these inconsistent determinations." Dkt. 24 at 34. Defendant objects to this portion of the Report and Recommendation, arguing that the Magistrate Judge "in practice" applied an estoppel or waiver theory to Defendant's denial of ERISA benefits. Dkt. 25 at 23.

Defendant's final objection must be rejected because the Magistrate Judge did not apply an estoppel theory to this ERISA dispute. Instead, the Report and Recommendation explained that Defendant failed to provide any rationale or support for Defendant's inconsistent determination that although Plaintiff was entitled to LTD benefits on January 12, 2021, Plaintiff was not totally disabled as of January 13, 2021. The Report and Recommendation concluded that the failure to provide such an explanation makes it impossible for the court to determine whether Defendant's reasoning in denying benefits after January 12, 2021 was the "result of a deliberate, reasoned process." Dkt. 24 at 34. In doing so, the Report and Recommendation applied the proper standard of review for this ERISA dispute. *See Elliott*, 190 F.3d at 605 (explaining that under the abuse of discretion standard, the administrator's decision must be "the result of a deliberate, principled reasoning process"). In any event, the Magistrate Judge made clear that this issue was not material to the conclusion of the Report and Recommendation, noting that the issue "may not need to be addressed" given the Report's other conclusions. For that reason, this objection to the Report and Recommendation is overruled.

15

### III.

In conclusion, it is appropriate to sustain Defendant's objection that the Report and Recommendation improperly concluded that Defendant adopted the wrong definition of Plaintiff's "regular occupation," but to overrule all of Defendant's other objections. Thus, the Magistrate Judge's Report and Recommendation will be adopted only in part. The Report and Recommendation is adopted with respect to its conclusion that Defendant abused its discretion in failing to consider the risk of future harm when determining whether Plaintiff was entitled to LTD benefits. The Report and Recommendation is not adopted, however, with respect to its conclusion that Defendant improperly defined Plaintiff's "regular occupation" broadly as "attorney" rather than more narrowly as the position and responsibilities that Plaintiff had at MITRE. Given this, and given the paucity of record evidence regarding whether there are other attorney jobs in the economy that do not involve high stress duties, it is appropriate to remand the matter to the plan administrator for further consideration of whether there exist other, less stressful attorney positions that Plaintiff could perform without risking further harm to his heart condition.

Accordingly, Plaintiff's Motion for Summary Judgment is granted in part and denied in part, and Defendant's Motion for Summary Judgment is granted in part and denied in part. Plaintiff's Motion for Summary Judgment is granted insofar as the plan administrator abused its discretion in failing to consider the risk of future harm, but denied insofar as the administrator did not abuse its discretion in defining Plaintiff's "regular occupation" as an "attorney." Similarly, Defendant's Motion for Summary Judgment is granted insofar as Defendant did not abuse its discretion in defining Plaintiff's "regular occupation," but denied insofar as Defendant did abuse its discretion in failing to consider the risk of future harm to Plaintiff's cardiac

condition in making a disability determination. The proper result is therefore to remand the matter to the plan administrator for further consideration.

An appropriate Order will issue.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
February 21, 2023

/s/

T. S. Ellis, III
United States District Judge

17